IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DEBRA GRAHAM and KATHLEEN HINDES )
individually and on behalf of all persons )
similarly situated as Collective representatives, )
)    Case No.: 08 C 50019
         Plaintiff, )
)    Honorable Judge: Kapala
v. )
)    U.S. District Judge P. Michael Mahoney,
RYAN INTERNATIONAL AIRLINES, INC., )    Magistrate Judge
)
         Defendant. )

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT</u>**

     NOW COMES the Defendant, RYAN INTERNATIONAL AIRLINES, INC., by and through its attorney, Lori L. Hoadley of HINSHAW & CULBERTSON LLP, hereby filing its Answer & Affirmative Defenses to Plaintiffs' Amended Complaint.

**<u>Nature of the Actions</u>**

     1.    Defendant admits that Plaintiffs Debra Graham and Kathleen Hindes were formerly employed by Defendant and that Plaintiffs seek to bring a cause of action under both federal and state wage laws seeking payment for overtime.  Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

     2.    Defendant admits that Plaintiffs seek to bring a cause of action for retaliation. Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

     3.    Defendant admits that Plaintiff Graham seeks to bring a claim of a violation, retaliation, and interference with her rights under the Family Medical Leave Act. Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

4.    Defendant admits that Plaintiffs seek to bring a collective action under the Fair Labor Standards Act, 29 U.S.C. §§201, 207, and 216(b).  Defendant denies that such an action is appropriate.  Further, Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

5.    In this paragraph Plaintiffs set forth their prayer for relief and, thus, no answer is required.  Notwithstanding, to the extent Defendant is required to provide an answer, Defendant denies that Plaintiffs are entitled to the relief set forth in this paragraph. Further, Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

**Jurisdiction and Venue**

6.    Defendant admits that Plaintiffs do not bring any claims under any collective bargaining agreement.  Defendants admit that Plaintiff Graham seeks to bring a cause of action under the Family Medical Leave Act.  Defendant further admits that jurisdiction is proper in the United States District Court, Eastern District of Missouri, Southeastern Division, as to Plaintiffs' individual cause of action.  Defendant denies that jurisdiction is proper in the United States District Court, Northern District of Illinois, Western Division.  Defendant further denies that it engaged in any wrongdoing and denies the allegations herein state a claim upon which relief may be granted.  Defendant likewise denies any remaining allegation contained in this paragraph.

7.    Defendant admits that the Court is authorized to issue declaratory judgment. Defendant denies that it engaged in any wrongdoing and denies the allegations herein state a claim upon which relief may be granted.  Defendant further denies any remaining allegation contained in this paragraph.

8.    Defendant admits that venue is proper in the United States District Court, Northern District of Illinois, Western Division.  Defendant denies that it engaged in any

2

wrongdoing and denies the allegations herein state a claim upon which relief may be granted. Defendant further denies any remaining allegation contained in this paragraph.

## The Parties

9.      Defendant admits the allegations contained in this paragraph.

10.      Defendant admits the allegations contained in this paragraph.

11.      Defendant admits that the Plaintiffs are former employees of Defendant. Defendant denies the remaining allegations contained in this paragraph.

12.      Defendant admits that Plaintiffs seek to bring a collective action.   Defendant denies that such an action is appropriate.   Further, Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

13.      Defendant admits that Ryan International Airlines is an air carrier and, thus, subject to the federal regulations as such.   Defendant further admits that Defendant is based in Rockford, Illinois.   Defendant denies the remaining allegations contained in this paragraph.

## The FLSA Collective Act

14.      Defendant admits that Plaintiffs seek to bring a collective action.   Defendant denies that such an action is appropriate.   Further, Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

15.      Defendant admits that Fair Labor Standards Act cases may be brought and maintained as "opt-in" collective actions.   Defendant denies that such an action is appropriate. Further, Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

16.      Defendant denies the allegations contained in this paragraph.

3

## Facts Regarding Misclassification Claim

17.    Defendant admits that Plaintiff Graham was employed by Defendant at Defendant's headquarters in Rockford, Illinois. Defendant denies the remaining allegations contained in this paragraph.

18.    Defendant admits the allegations contained in this paragraph.

19.    Defendant admits that exempt employees, including Plaintiffs Graham and Hindes, may be required to work over 40 hours per week. Defendant denies the remaining allegations contained in this paragraph.

20.    Defendant denies the allegations contained in this paragraph.

21.    Defendant denies the allegations contained in this paragraph.

22.    Defendant denies the allegations contained in this paragraph.

23.    Defendant denies the allegations contained in this paragraph.

24.    Defendant denies the allegations contained in this paragraph.

25.    Defendant denies the allegations contained in this paragraph.

26.    Defendant denies the allegations contained in this paragraph.

27.    Defendant denies the allegations contained in this paragraph.

28.    Defendant denies the allegations contained in this paragraph.

## Willful, Knowledgeable, Reckless Disregard Allegations

29.    Defendant admits that exempt employees, including Plaintiffs Graham and Hindes, may be required to work over 40 hours per week.  Defendant denies the remaining allegations contained in this paragraph.

30.    Defendant denies the allegations contained in this paragraph.

31.    Defendant denies the allegations contained in this paragraph.

32.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

33.     Defendant admits that exempt employees, including Plaintiffs Graham and Hindes, may be required to work over 40 hours per week. Defendant denies the remaining allegations contained in this paragraph.

34.     Defendant denies the allegations contained in this paragraph.

35.     Defendant denies the allegations contained in this paragraph.

36.     Defendant denies the allegations contained in this paragraph.

### Graham's FLSA Allegations

37.     Defendant admits the allegations contained in this paragraph.

38.     Defendant denies the allegations contained in this paragraph.

39.     Defendant denies the allegations contained in this paragraph.

40.     Defendant denies the allegations contained in this paragraph.

41.     Defendant denies the allegations contained in this paragraph.

42.     Defendant denies the allegations contained in this paragraph.

43.     Defendant denies the allegations contained in this paragraph.

44.     Defendant denies the allegations contained in this paragraph.

45.     Defendant denies the allegations contained in this paragraph.

46.     Upon information and belief, Defendant admits that Plaintiff Graham is an educated and knowledgeable person.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, hence, denies the same

47.     Defendant admits the allegations contained in this paragraph.

48.     Defendant admits the allegations contained in this paragraph.

49.     Defendant denies the allegations contained in this paragraph.

50.     Defendant denies the allegations contained in this paragraph.

51.     Defendant denies the allegations contained in this paragraph.

70555831v1 886945

52.     Defendant admits that Plaintiff Graham was required to maintain a log of hours worked. Defendant denies the remaining allegations contained in this paragraph.

53.     Defendant denies the allegations contained in this paragraph.

54.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff Graham lacked specific job skills and education required of computer programmers or legal representatives; and, hence, denies the same. Defendant admits that Plaintiff Graham performed exempt tasks and responsibilities as an administrative or executive employee. Defendant denies the remaining allegations contained in this paragraph.

55.     This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies the allegations contained in this paragraph.

56.     Defendant admits that Plaintiff Graham is an exempt administrative or executive employee. Defendant denies the remaining allegations contained in this paragraph.

57.     Defendant admits the allegations contained in this paragraph.

58.     Defendant admits the allegations contained in this paragraph.

59.     Defendant denies the allegations contained in this paragraph.

60.     Defendant admits the allegations contained in this paragraph.

61.     Defendant denies the allegations contained in this paragraph.

62.     Defendant denies the allegations contained in this paragraph.

63.     Defendant denies the allegations contained in this paragraph.

64.     Defendant denies the allegations contained in this paragraph.

65.     Defendant denies the allegations contained in this paragraph.

66.     Defendant denies the allegations contained in this paragraph.

70555831v1 886945

67.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.

68.    Defendant admits the allegations contained in this paragraph.

69.    Defendant admits the allegations contained in this paragraph.

70.    Defendant admits the allegations contained in this paragraph.

71.    Defendant denies the allegations contained in this paragraph.

     a.    Defendant denies the allegations contained in this paragraph.

     b.    Defendant denies the allegations contained in this paragraph.

     c.    Defendant denies the allegations contained in this paragraph.

72.    Defendant denies the allegations contained in this paragraph.

73.    Defendant admits the allegations contained in this paragraph.

74.    Defendant admits, that on occasion, Plaintiff worked from home.    Defendant denies the remaining allegations contained in this paragraph.

75.    Defendant denies the allegations contained in this paragraph.

**Allegations Regarding Work Duties and Exempt Status**

76.    Defendant admits the allegations contained in this paragraph.

77.    Defendant admits that Plaintiff Hindes' job duties and responsibilities involved managing and overseeing the drug testing program for Defendant's employees.    Defendant denies the remaining allegations contained in this paragraph.

78.    Defendant denies the allegations contained in this paragraph.

79.    Defendant denies the allegations contained in this paragraph.

80.    Defendant denies the allegations contained in this paragraph.

81.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

82.    Defendant denies the allegations contained in this paragraph.

83.    Defendant denies the allegations contained in this paragraph.

84.    Defendant denies the allegations contained in this paragraph.

85.    Defendant denies the allegations contained in this paragraph.

86.    Defendant denies the allegations contained in this paragraph.

87.    Upon information and belief, Defendant admits that Plaintiff Hindes is an educated and knowledgeable person.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, hence, denies the same.

88.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, hence, denies the same.

89.    Defendant admits the allegations contained in this paragraph.

90.    Defendant denies the allegations contained in this paragraph.

91.    Defendant denies the allegations contained in this paragraph.

92.    Defendant denies the allegations contained in this paragraph.

93.    Defendant admits that Plaintiff Hindes was required to maintain a log of hours worked.  Defendant denies the remaining allegations contained in this paragraph.

94.    Defendant denies the allegations contained in this paragraph.

95.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff Hindes lacked specific job skills and education required of computer programmers or legal representatives; and, hence, denies the same.  Defendant admits that Plaintiff Hindes performed exempt tasks and responsibilities as an administrative or executive employee.  Defendant denies the remaining allegations contained in this paragraph.

70555831v1 886945

96.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies the allegations contained in this paragraph.

97.    Defendant admits that Plaintiff Hindes is an exempt administrative or executive employee.  Defendant denies the remaining allegations contained in this paragraph.

98.    Defendant admits the allegations contained in this paragraph.

99.    Defendant admits the allegations contained in this paragraph.

100.    Defendant denies the allegations contained in this paragraph.

101.    Defendant admits the allegations contained in this paragraph.

102.    Defendant denies the allegations contained in this paragraph.

103.    Defendant denies the allegations contained in this paragraph.

104.    Defendant denies the allegations contained in this paragraph.

105.    Defendant denies the allegations contained in this paragraph.

106.    Defendant denies the allegations contained in this paragraph.

107.    Defendant denies the allegations contained in this paragraph.

108.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.

109.    Defendant admits the allegations contained in this paragraph.

110.    Defendant admits the allegations contained in this paragraph.

111.    Defendant admits the allegations contained in this paragraph.

112.    Defendant denies the allegations contained in this paragraph.

113.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

114.    Defendant denies the allegations contained in this paragraph.

115.    Defendant denies the allegations contained in this paragraph.

**Statement of Facts Regarding Similarly Situated Employees**

116.    Defendant admits that Plaintiffs were privy to confidential personnel information while employed by Defendant in its Human Resources Department.    Defendant denies the remaining allegations contained in this paragraph.

117.    Defendant denies the allegations contained in this paragraph.

118.    Defendant admits that, in Plaintiff Graham's position as Senior HR/Payroll Manager, Plaintiff Graham was responsible for compliance issues related to the Fair Labor Standards Act and, thus, would likely have personal knowledge of the exempt or non-exempt status of other employees. Defendant denies that any individuals contained in this paragraph or subparagraph are similarly situated to Plaintiffs.  Defendant denies the remaining  the allegations contained in this paragraph.

a.    Defendant admits that it employs individuals in the capacity of Maintenance Controllers and that these individuals may work over 40 hours per week. Defendant denies the remaining allegations contained in this paragraph.

i.    Defendant admits the allegations contained in this paragraph.

ii.    Defendant admits the allegations contained in this paragraph.

iii.    Defendant denies the allegations contained in this paragraph.

b.    Defendant admits that it employs an individual with the first name of "Diane" in the Travel Department.  Defendant denies the remaining allegations contained in this paragraph.

c.    Defendant admits the allegations contained in this paragraph.

d.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

e.    Defendant denies the allegations contained in this paragraph.

f.    Defendant denies the allegations contained in this paragraph.

## Statement of Facts Regarding FLSA Retaliation Claims

119.    Defendant denies the allegations contained in this paragraph.

120.    Defendant denies the allegations contained in this paragraph.

121.    Defendant admits that Plaintiffs were required to maintain accurate records of hours worked.  Defendant denies the remaining allegations contained in this paragraph.

122.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies that this paragraph accurately sets forth the legal requirements under the Fair Labor Standards Act.  Further, Defendant denies that it engaged in any wrong-doing and denies the remaining allegations contained in this paragraph.

123.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies that this paragraph accurately sets forth the legal requirements under the Fair Labor Standards Act.  Further, Defendant denies that it engaged in any wrong-doing and denies the remaining allegations contained in this paragraph.

124.    This paragraph states a legal conclusion and, thus, no answer is required. Notwithstanding to the extent an answer is required, Defendant denies that this paragraph accurately sets forth the legal requirements under the Fair Labor Standards Act.  Further, Defendant denies that it engaged in any wrong-doing and denies the remaining allegations contained in this paragraph.

125.    Defendant admits that Plaintiff Hindes and Plaintiff Graham were terminated. Defendant denies the remaining allegations contained in this paragraph.

70555831v1 886945

126.    Defendant denies the allegations contained in this paragraph.

127.    Defendant denies the allegations contained in this paragraph.

128.    Defendant denies the allegations contained in this paragraph.

129.    Defendant denies the allegations contained in this paragraph.

130.    Defendant denies the allegations contained in this paragraph.

### Statement of Facts Regarding Plaintiff Graham's FMLA Claims

131.    Defendant admits the allegations contained in this paragraph.

132.    Defendant admits the allegations contained in this paragraph.

133.    Defendant admits the allegations contained in this paragraph.

134.    Defendant denies the allegations contained in this paragraph.

135.    Defendant denies the allegations contained in this paragraph.

136.    Defendant denies the allegations contained in this paragraph.

137.    Defendant denies the allegations contained in this paragraph.

138.    Defendant admits that Plaintiff requested and was granted FMLA leave. Defendant denies the remaining allegations contained in this paragraph.

139.    Defendant admits that Plaintiff requested and was granted FMLA leave. Defendant denies the remaining allegations contained in this paragraph.

140.    Defendant denies the allegations contained in this paragraph.

141.    Defendant denies the allegations contained in this paragraph.

142.    Defendant denies the allegations contained in this paragraph.

143.    Defendant denies the allegations contained in this paragraph.

144.    Defendant admits that Plaintiff was terminated in October 2007. Defendant denies the remaining allegations contained in this paragraph.

145.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

146.    Defendant denies the allegations contained in this paragraph.

147.    Defendant denies the allegations contained in this paragraph.

148.    Defendant denies the allegations contained in this paragraph.

149.    Defendant denies the allegations contained in this paragraph.

150.    Defendant denies the allegations contained in this paragraph.

151.    Defendant denies the allegations contained in this paragraph.

152.    Defendant denies the allegations contained in this paragraph.

153.    Defendant denies the allegations contained in this paragraph.

154.    Defendant denies the allegations contained in this paragraph.

155.    Defendant denies the allegations contained in this paragraph.

**Plaintiff Graham's FMLA Retaliation– First Claim for Relief**

156.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

157.    Defendant denies the allegations contained in this paragraph.

158.    Defendant admits that Plaintiff Graham was an eligible employee under the Family Medical Leave Act.   Defendant denies the remaining allegations contained in this paragraph.

159.    Defendant admits the allegations contained in this paragraph.

160.    Defendant denies the allegations contained in this paragraph.

161.    Defendant denies the allegations contained in this paragraph.

162.    Defendant denies the allegations contained in this paragraph.

163.    Defendant admits that Plaintiff Graham was an eligible employee under the Family Medical Leave Act and further admits that the Family Medical Leave Act provides for

70555831v1 886945

eligible employees to take up to 12-weeks off work in a 12-month period. Defendant denies the remaining allegations contained in this paragraph.

164.   Defendant denies the allegations contained in this paragraph.

165.   Defendant denies the allegations contained in this paragraph.

166.   Defendant denies the allegations contained in this paragraph.

167.   Defendant denies the allegations contained in this paragraph.

168.   Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

**Plaintiff Graham's FMLA Interference with Substantive Rights – Second Claim for Relief**

169.   Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

170.   Defendant admits the allegations contained in this paragraph.

171.   Defendant admits that Plaintiff Graham had worked for Defendant more than 1250 hours within the 12 month period preceding her request for FMLA leave.  Defendant denies the remaining allegations contained in this paragraph.

172.   Defendant admits the allegations contained in this paragraph.

173.   Defendant admits that during Plaintiff Graham's employment she requested FMLA leave.  Defendant denies the remaining allegations contained in this paragraph.

174.   Defendant denies the allegations contained in this paragraph.

   a.   Defendant denies the allegations contained in this paragraph.

   b.   No answer is required inasmuch as there is no subparagraph b.

   c.   Defendant denies the allegations contained in this paragraph.

   d.   Defendant denies the allegations contained in this paragraph.

14

e.  Defendant denies the allegations contained in this paragraph.

f.  Defendant denies the allegations contained in this paragraph.

g.  Defendant denies the allegations contained in this paragraph.

h.  Defendant denies the allegations contained in this paragraph.

i.  Defendant denies the allegations contained in this paragraph.

j.  Defendant denies the allegations contained in this paragraph.

k.  Defendant denies the allegations contained in this paragraph.

l.  Defendant denies the allegations contained in this paragraph.

175.  Defendant denies the allegations contained in this paragraph.

176.  Defendant denies the allegations contained in this paragraph.

177.  Defendant denies the allegations contained in this paragraph.

178.  Defendant denies the allegations contained in this paragraph.

179.  Defendant denies the allegations contained in this paragraph.

180.  Defendant denies the allegations contained in this paragraph.

181.  Defendant denies the allegations contained in this paragraph.

182.  Defendant denies the allegations contained in this paragraph.

183.  Defendant denies the allegations contained in this paragraph.

184.  Defendant denies the allegations contained in this paragraph.

185.  Defendant admits the allegations contained in this paragraph.

186.  Defendant denies the allegations contained in this paragraph.

187.  Defendant denies the allegations contained in this paragraph.

188.  Defendant denies the allegations contained in this paragraph.

189.  Defendant denies the allegations contained in this paragraph.

70555831v1 886945

190.    Defendant denies the allegations contained in this paragraph.

191.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

### Plaintiff Graham's FMLA Interference (Failure to Provide Notice)– Third Claim for Relief

192.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

193.    Defendant denies the allegations contained in this paragraph.

### Plaintiff Graham's FMLA Retaliation– Fourth Claim for Relief

194.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

195.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

### Plaintiffs' Illinois Wage & Hour Laws– Fifth Claim for Relief

196.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

197.    Defendant admits the allegations contained in this paragraph.

198.    Defendant admits the allegations contained in this paragraph.

199.    Defendant admits the allegations contained in this paragraph.

200.    Defendant denies the allegations contained in this paragraph.

201.    Defendant denies the allegations contained in this paragraph.

202.    Defendant denies the allegations contained in this paragraph.

203.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

### Plaintiffs' FLSA Claims – Sixth Claim for Relief

204.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

205.    Defendant admits the allegations contained in this paragraph.

206.    Defendant denies the allegations contained in this paragraph.

207.    Defendant admits that Plaintiffs were employed by Defendant and that Plaintiff performed executive and/or managerial and/or administrative work for Defendant.  Defendant denies the remaining allegations contained in this paragraph.

208.    Defendant denies the allegations contained in this paragraph.

209.    Defendant denies the allegations contained in this paragraph.

210.    Defendant denies the allegations contained in this paragraph.

211.    Defendant denies the allegations contained in this paragraph.

212.    Defendant denies the allegations contained in this paragraph.

213.    Defendant denies the allegations contained in this paragraph.

214.    Defendant denies the allegations contained in this paragraph.

215.    Defendant denies the allegations contained in this paragraph.

216.    Defendant denies the allegations contained in this paragraph.

217.    Defendant denies the allegations contained in this paragraph.

218.    Defendant denies the allegations contained in this paragraph.

219.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

70555831v1 886945

### Plaintiffs' Quantum Meruit Claim – Seventh Claim for Relief

220.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

221.    Defendant denies the allegations contained in this paragraph.

222.    Defendant denies the allegations contained in this paragraph.

223.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

### Plaintiffs' Unjust Enrichment Claim – Eighth Claim for Relief

224.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

225.    Defendant admits that work performed for Defendant constitutes a benefit to Defendant. Defendant denies the remaining allegations contained in this paragraph.

226.    Defendant admits that work performed for Defendant constitutes a benefit to Defendant and that Defendant appreciated its employees.   Defendant denies the remaining allegations contained in this paragraph.

227.    Defendant admits that it properly compensated employees for work performed. Defendant denies the remaining allegations contained in this paragraph.

228.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

### Plaintiffs' FLSA Retaliation – Ninth Claim for Relief

229.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

70555831v1 886945

230.    Defendant denies the allegations contained in this paragraph.

231.    Defendant denies the allegations contained in this paragraph.

232.    Defendant admits that Plaintiffs were terminated.  Defendant denies the remaining allegations contained in this paragraph.

233.    Defendant admits that Plaintiffs were terminated.  Defendant denies the remaining allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

**Plaintiffs' Intentional Infliction of Emotional Distress – Tenth Claim for Relief**

234.    Defendant repeats and restates its Answers to all paragraphs of this complaint as if fully set forth herein.

235.    Defendant admits the allegations contained in this paragraph.

236.    Defendant denies the allegations contained in this paragraph.

237.    Defendant denies the allegations contained in this paragraph.

238.    Defendant denies the allegations contained in this paragraph.

      a.    Defendant denies the allegations contained in this paragraph.

      b.    Defendant denies the allegations contained in this paragraph.

      c.    Defendant denies the allegations contained in this paragraph.

      d.    Defendant denies the allegations contained in this paragraph.

            i.    Defendant denies the allegations contained in this paragraph.

            ii.    Defendant denies the allegations contained in this paragraph.

239.    Defendant denies the allegations contained in this paragraph.

240.    Defendant denies the allegations contained in this paragraph.

70555831v1 886945

241.    Defendant denies the allegations contained in this paragraph and all subparagraphs therein.

242.    Defendant denies the allegations contained in this paragraph.

243.    Defendant denies the allegations contained in this paragraph.

244.    Defendant denies the allegations contained in this paragraph.

       i.    Defendant denies the allegations contained in this paragraph.

      ii.    Defendant denies the allegations contained in this paragraph.

     iii.    Defendant denies the allegations contained in this paragraph.

     iv.    Defendant denies the allegations contained in this paragraph.

245.    Defendant denies the allegations contained in this paragraph.

      i.    Defendant denies the allegations contained in this paragraph.

      ii.    Defendant denies the allegations contained in this paragraph.

     iii.    Defendant denies the allegations contained in this paragraph.

     iv.    Defendant denies the allegations contained in this paragraph.

     v.    Defendant denies the allegations contained in this paragraph.

     vi.    Defendant denies the allegations contained in this paragraph.

    vii.    Defendant denies the allegations contained in this paragraph.

   viii.    Defendant denies the allegations contained in this paragraph.

     ix.    Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

**Defendants' Affirmative Defenses**

1.    Plaintiffs were employed as *bona fide* managerial, executive and/or administrative employees; and, as such, Plaintiffs were exempt from FLSA's overtime requirements.

20

2.    Plaintiffs' claims – and those of any other employee – are barred to the extent Plaintiffs and/or any other employee seeks to recover damages or other relief for any period beyond the applicable statute of limitations.

3.    Any adverse actions taken against Plaintiffs were job-related for the purpose in question and consistent with business necessity, and not discriminatory or in retaliation for Plaintiffs having engaged in any protected activity.    Therefore, Plaintiffs are barred from recovery in this cause.

4.    Plaintiffs are barred from seeking monetary damages in this case to the extent they exceed the maximum allowed by statute.

5.    Defendant is not liable for liquidated damages because the acts or omissions giving rise to the action were in good faith, and Defendant had reasonable grounds for believing that its acts or omissions did not violate the FLSA. 29 U.S.C. § 260.

6.    At all times, Defendant acted in good faith, and in conformity with and in reliance upon written interpretations and opinions of the Fair Labor Standards Act ("FLSA") by the United States Department of Labor Wage & Hour Division. Defendant acted in a good faith belief that it was in compliance with all applicable statutes, laws and regulations concerning payment of wages and any other compensation owed to Plaintiffs.

7.    Defendants assert that Plaintiffs are not entitled to bring a collective action and cannot meet the requirements for such a collective action. The claims asserted in the Complaint involve the predominance of individual issues necessary to decide alleged damages and defenses as to each potential opt-in plaintiff.

8.    Any recovery by Plaintiffs is barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

70555831v1 886945

9.     Some or all of Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

WHEREFORE, Defendant RYAN INTERNATIONAL AIRLINES, INC. moves for an order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

Respectfully submitted,

RYAN     INTERNATIONAL     AIRLINES, INC., Defendant

By:  s/Lori L. Hoadley
     Lori L. Hoadley
     HINSHAW & CULBERTSON LLP

Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70555831v1 886945

**AFFIDAVIT OF SERVICE**

The undersigned certifies that on March 24, 2008, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

John C. Ireland, Esq.
The Law Office of John C. Ireland
1921 Charles Lane
Aurora, IL  60505
Phone  630.464.9675
Fax     630.206.0889

/s/ Rhonda Walker

HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax      815.490.4901

70555831v1 886945