IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEBra GRAHAM and KATHLEEN HINDES individually and on behalf of all persons similarly situated as Collective representatives,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN INTERNATIONAL AIRLINES, INC.,<br><br>Defendant. | Case No.: 08 C 50019<br><br>Honorable Judge: Kapala<br><br>Mag. Judge P. Michael Mahoney |

## PROPOSED CASE MANAGEMENT ORDER

1.  Pursuant to Federal Rule of Civil Procedure Rule 26(f), a meeting was held in Case No. 3:08-cv-50019 on May 19, 2008 and was attended by:

    Attorney John C. Ireland for the Plaintiffs Debra Graham and Kathleen Hindes

    Attorney Alison B. Willard for the Defendant Ryan International Airlines, Inc.

2.  The Fed. R. Civ. P. 26(1)(1) material regarding Plaintiff Graham's FMLA claims I through IV will be exchanged by June 30, 2008.

    The Fed. R. Civ. P. 26(1)(1) material regarding any other claims that remain following the Court's ruling on Defendant's motion to dismiss will be exchanged within 21 days of that ruling.

3.  Alternative Dispute Resolution/Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the Court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsels have given, to the best of their ability in light of the pending motion to dismiss, an estimation of the fees and costs that would be associated with the litigation of this matter through trial to their clients. Further, counsels have provided an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Defense counsels certify that they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

    The parties will consider having a settlement conference with the Court following some discovery on Plaintiff Graham's FMLA Claims I through IV, and following the Court's ruling on Defendant's motion to dismiss.

4. Discovery Plan. The Parties jointly propose to the Court the following discovery plan.

The Parties propose that written discovery on Plaintiff Graham's Claims I through IV be started immediately, and that oral discovery and written discovery regarding the remaining claims be started immediately after the Court rules on Defendant's Motion to Dismiss. The parties will submit a new Proposed Scheduling Order addressing discovery on any remaining claims within 7 days of the Court's ruling on Defendant's Motion to Dismiss.

   a. Discovery will be needed on the following subjects: Subjects referenced in Plaintiffs' Complaint (initially, discovery regarding Plaintiff Graham's FMLA claims); Defendant's Answer and Affirmative Defenses (initially, as to Plaintiff Graham's FMLA claims); and any defenses or other issues which are raised by either party through discovery or in any pleading.

   b. Maximum of 25 interrogatories including subparts by each party, unless both parties agree to allow additional interrogatories, or unless leave of Court is obtained therefore.

   c. Maximum of 35 requests for admission by each party to any other party, unless all parties agree to allow any other party or parties to propound additional requests for admission, or unless leave of Court is obtained therefore.

   d. Maximum of 10 depositions by Plaintiffs and maximum of 10 depositions by Defendant, unless both parties agree to allow additional depositions, or unless leave of Court is obtained therefore.

   e. Each deposition shall be limited by the Federal Rule of Civil Procedure 30(d)(1) to seven hours unless extended by agreement of the parties.

   f. The parties propose that written discovery on Plaintiff Graham's FMLA Claims I through IV be completed in 60 days, but that no further fact discovery cut-off be set until following the Court's ruling on Defendant's motion to dismiss. If this suggestion is unacceptable to the Court, the parties propose that fact discovery cut-off be set for November 28, 2008.

   g. The parties do not anticipate the need for Rule 26(a)(2) expert discovery at this time, but reserve the right to seek expert discovery following the close of fact discovery.

   h. The parties propose that no final discovery cut-off be set until the court has ruled on defendant's motion to dismiss and the parties have determined whether any expert discovery will be necessary.

   i. The time for the parties to amend pleadings and add counts or parties is hereby established as 30 days after the ruling on the Defendant's Motion to Dismiss.

j.  The parties suggest that the next discovery conference with the court be held 14 days following the ruling on the Defendant's Motion to Dismiss.

All dispositive motions will be due 30 days after fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

Respectfully submitted,

| DEBRA GRAHAM and KATHLEEN HINDES, Plaintiffs | RYAN INTERNATIONAL AIRLINES Defendant |
|---|---|
| By: s/John C. Ireland<br>John C. Ireland<br>The Law Office of John C. Ireland | By: s/ Alison B. Willard<br>Alison B. Willard<br>Morgan, Lewis & Bockius LLP |
| 1921 Charles Lane<br>Aurora, IL  60505<br>630-464-9675 | 77 West Wacker Drive, Fifth Floor<br>Chicago, Illinois 60601<br>(312) 324.1000 |
| John C. Ireland<br>The Law Office Of John C. Ireland<br>1921 Charles Lane<br>Aurora, Illinois<br>60505<br>630-464-9675<br>Facsimile 630-206-0889<br>attorneyireland@gmail.com | Charles C. Jackson<br>Sari M. Alamuddin<br>Alison B. Willard<br>Kirsten M. Evans<br>Morgan, Lewis & Bockius LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, Illinois 60601<br>Tel:  (312) 324.1000<br>Fax:  (312) 324.1001<br>awillard@morganlewis.com |

3

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing was electronically filed with the Court this 20th day of May, 2008, which will send a notice of electronic filing to the following counsel of record:

> John C. Ireland
> The Law Office of John C. Ireland
> 1921 Charles Lane
> Aurora, Illinois 60505
> attorneyireleand@aol.com

                                                            /s Alison B. Willard

                                                            One of Defendant's Attorneys