IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA GRAHAM AND KATHLEEN HINDES individually and on behalf of all persons similarly situated as Collective representatives, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 50019 |
| vs. | ) ) | Honorable Judge Frederick J. Kapala |
| RYAN INTERNATIONAL AIRLINES, INC. | ) ) ) | |
| | ) ) | U.S. District Judge P. Michael Mahoney Magistrate Judge |
| | ) ) ) | **JURY TRIAL DEMANDED ON ALL COUNTS** |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES, Plaintiffs DEBRA GRAHAM AND KATHLEEN HINDES ("Plaintiffs") through their undersigned counsel, hereby respectfully Respond to Defendant's Motion to Dismiss Claims Five Through Ten Of Plaintiffs' First Amended Complaint and ask that this Honorable Court Deny each of the Defendant's requests. In support of their response and their request for denial the Plaintiffs state the following:

**STATEMENT OF FACTS**

The Plaintiffs' were employees of the Defendant Ryan Airlines. (Complaint at ¶¶ 17, 18). The Plaintiffs' complained they were misclassified under the Fair Labor Standards Act (FLSA). (¶ 50, 53, 90, 91, 94). Plaintiff's complained about the misclassification and repeated cited to the US Department of Labor Regulation 541 (541) which regulates the FLSA applications. (¶¶ 47, 48, 49, 89, 90, 94). Plaintiffs' complained and discussed the FLSA misclassification with several different members of management. (Id.) The Plaintiffs were terminated and allege the terminations were motivated by the claims of FLSA

1

misclassification[1]. (51, 52, 92, 93. 120-125, 127). Completely absent in the Plaintiffs' Complaint is any mention of the Railway Labor Act. (See Complaint generally).

On January 29, 2008 the Plaintiffs' filed this lawsuit and in March/April 2008 the Defendant, via its first outside counsel, filed an Answer which denied over time was owed, but did not claim any coverage under the Railway Labor Act 45 USC § 181 (2000). (Hereinafter referred to as the "RLA"). Defendant's Answer was withdrawn based upon Defendant's retention of new counsel. On May 5, 2008 the Defendant filed a Motion to Dismiss. In this Motion, for the very first time, Defendant claimed that the Plaintiffs were exempt under RLA.

## DEFENDANT'S 12(b)(6) MOTION TO DISMISS ARGUMENTS

Defendant, in its Rule 12 (b) (6) motion to dismiss, claim that the Ryan Airlines is a "common carrier by air" and the Plaintiffs' work was closely related to the air transport work and thus have coverage under the Railway Labor Act and an exception within the FLSA.

Next, regarding the FLSA retaliation claims, the Defendant's call for dismissal based on the possible RLA coverage. The Defendant in its motion claim that the Plaintiffs' reasonable belief was/is unreasonable, despite Defendant's failure to ever previously to mention the RLA.

Defendant also moves against the Plaintiffs' Illinois Wage laws claims based on a federal law preemption argument by citation to Maritime Law cases, and cases involving Collective Bargaining Agreements (CBAs).

Defendant also believe that the Plaintiffs Common Law claims under Quantum Merit and Unjust Enrichment are based solely on FLSA and Illinois wage laws rather than upon Common Law and therefore call for dismissal of these Common Law Claims.

Finally, Defendant claims preemption of the Plaintiffs' Intentional Infliction of Emotional Distress (IIED) and pleading deficiencies in the Complaint.

## STANDARDS OF REVIEW

The Defendant brings its Motion under a standard of review upon the pleadings. In a motion for dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. **Miree v. DeKalb County,** **4**33 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977)**.** In addition, the court must view those allegations in the light most favorable to the plaintiff. **Gomez v. Illinois State Bd. of Educ**., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper

---

[1] Alternatively, Plaintiff Graham also alleges retaliation for taking FMLA. FMLA claims are not herein challenged and are under discovery at this time.

only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102

## I.     RLA APPLICABILITY

Defendant's claim RLA applicability due to the Defendant's being 1) a common carrier, 2) engaged in commerce and marketed itself to the public, 3) and the Plaintiffs were closely related to air transportation (Defendant's Memorandum of Law in Support of its Motion to Dismiss at Pg. 4 (Hereinafter referred to as "Memo")).

In response, Plaintiffs do not dispute that Defendant is a common carrier by air, or that it engaged in commerce or that it marketed itself to the public. However, Plaintiffs' do dispute their remoteness related to the Defendant transportation activities. The Plaintiffs' were not involved in flight operations, were not in flight maintenance, rather were performing data entry and administering drug tests. (¶ 39, 80, 77).  Therefore, under the test described by the Defendant, the Plaintiffs are not disputing the first two requirements but are disputing the third, the "related to air transportation" requirement. (Motion at 4).

The Plaintiffs' were not related to the air transportation element, at best, they were tangantly related to the Defendant's air business as office staff. The RLA was intended to "apply only to transportation activities and that work which bears more than a tenuous, negligible and remote relationship to the transport activities of the employer". **Slavens v Scenic Aviation, Inc.,** 2000 US App. LEXIS 17412 2000 Colo. J. C.A.R. 4361 (10th Cir. 2000).  Here, the Plaintiffs jobs were remote from the air transport business.

Further, this question is inappropriate for a Motion to Dismiss, rather is one for a Summary Judgment after Discovery. The Defendant's cited cases are to decisions after discovery and after summary judgment. Therefore, because the Plaintiffs were remote from air transport activities and because the dismissal request is premature, Plaintiffs ask this court to deny the Defendant's Motion regarding the FLSA claims.

## II.  RLA AND FLSA DO NOT PREEMPT THE ILLINOIS WAGE LAWS AND ILLINOIS COMMON LAW

Defendant next claims that the RLA completely preempts all Illinois wage laws. (Motion at 8-10). This is a clear error as the FLSA specifically and statutorily protects individual's individual statutory and Common Law rights as provided independently from the FLSA and RLA. Here the Plaintiffs' are claiming individual rights, under Illinois law, under Common Law and under FLSA retaliation protections.

Defendant bases its "preemption" arguments upon a number of clearly distinguishable cases; Admiralty cases, cases involving Collective Bargaining Agreements and cases with no state law wage claims. In contrast, the Plaintiffs cites to precedential cases which demonstrate the Plaintiffs claims are not preempted.

### a.  RLA/FLSA do not Preempt Illinois State Wage Law

"RLA does not however, preempt state law or prevent a Plaintiff from seeking relief based on <u>independent statutory rights</u> when a grievance is not a major or minor dispute <u>within the context of a collective bargaining agreement</u>… the claim will not be preempted by the mandatory arbitration proceedings under the RLA". **Edwards v. Jet Blue Airways, Corp**., 2008 NY Slip Op 28051 19 Misc. 3d 345, 852 N.Y.S. 724, 2008 N.Y. Misc. LEXIS 466; (February 15, 2008) (Emphasis added). The New York Court found, even with FLSA exemption and coverage under the RLA, there was no preemption and the Plaintiff was entitled to seek relief under state wage law. Here, similarly the Plaintiffs' claims are based on independent statutory grounds, Illinois Wage Laws, Common Law, and FLSA retaliation provisions.

A similar decision was reached in **Roig v. Iberia** 688 F. Supp. 810, 815 (D. Puerto Rico 1988).  'different considerations apply when the claims are based on independent statutory rights rather than disputes over conditions which appear exclusively in a " CBA. "So long as Plaintiff's allege to be entitled to a relief provided by a legal source other than a collective bargaining agreement promoting fair employment practices or legitimate government concerns, the claim will not be preempted"… by the RLA. **Roig** at __. Here Plaintiffs have plead based on independent statutory rights. (See Count 5 and Complaint generally).

In **Roig** the court also examined state wage laws in connection with FLSA exemptions and found, "FLSA does allow for stricter or more beneficial state regulations providing

4

minimum wages and overtime to apply to employees which are covered or exempted from such provisions in the FLSA. In support of this position the Court cited to FLSA § 18 (a) sometimes referred to as the act's "savings clause" which states:

> "No provision of this chapter or of any order thereunder shall excuse noncompliance with any… state law…establishing a minimum wage higher than the minimum wage established under this chapter…"

In other words, state laws will prevail where more beneficial. "The fact that a worker is exempt from the FLSA does not unqualifiedly release his employer from minimum wage, equal pay, overtime or child labor responsibilities,-- the worker may be entitled to a similar benefit under a state law. The FLSA expressly says that its provisions do not excuse noncompliance with state laws which established higher standards. The employer may not ignore the state law by reason of the federal law. **Roig** The District Court concluded by stating "In sum, we find no reason to exempt Plaintiffs herein from the local minimum wages and overtime provisions on preemption grounds." Here in near duplication, the Defendants' can not escape Illinois child worker laws nor overtime laws.

The DC Court of Appeals also cited to the "savings clause" stating "Section 18 (a) has been consistently interpreted by courts as evidence of congress' intent not to preempt state regulation of hours and wages: "This section expressly contemplates that workers covered by state law as well FLSA shall have any additional benefits provided by the state law. By necessary implication it permits state laws to operate even as workers are exempt from FLSA." **Williams v W.M. A Transit** 153 US App DC 183, 472 F. 2d 1258 (DC Cir. 1972),

Similar supporting case law is found in US Supreme Court decision, **Atchison, Topeka and Santa Fe Ry. Co. v. Buell**, 480 US 557, 107 S. Ct. 1410, 94 L. Ed. 2d 563 (1987). Which found the RLA did not preempt a FELA action and the purpose of RLA was to promote resolution of labor disputes through an elaborate arbitration process with limited relief. Whereas FELA by contrast is a broad remedial statue providing employees with a legal recourse for conduct separate from the terms of the agreement and allows for ample relief to injured workers.

The US Supreme Court ruled no preemption of a local law requiring cabooses for railroad employees essential to safe working conditions. **Terminal R. Ass'n of St. Louis v. Brotherhood of Railroad Trainmen** 318 § 1, 6 S.Ct. 420, 87 L. Ed. 571, (1943). The Court

5

rejected arguments that the RLA precluded such "interference". "The RLA does not intend to preempt state regulations issued to protect the health and safety of its residents."… Or "provide for minimum standards for working conditions". Correspondingly, here Illinois Wage Laws provide those protections for the working conditions (such as Overtime laws) and health and safety (Child labor laws). Clearly, the state has a right to regulate these matters.

Similarly in **Keeley v Loomis Fargo & Co**., 11 F. Supp. 2d 517, 1998 LEXIS 16751 (US Dist. NJ 1998), the District Court found that no preemption existed under the FLSA motor carrier exemption because the FLSA contained no express preemption of state overtime." In **Colorado Anti-Discrimination Comm. V. Continental Airlines**, 372 US 714, 83 S. Crt. 1022, 10 L. Ed. 2d 84, (1963), the Supreme Court found a local statute forbidding racial discrimination in employment was not preempted by the RLA.

### b. RLE/FLSA do not Preempt Common Law

Similarly in **Miller v Norfolk and Western Ry**. 834 F2d. 556, (6th Cir 1987) the Sixth Circuit upheld a state law defamation claim and decided the crucial factor was whether or not the right asserted existed independent from rights created by a Collective Bargaining Agreement (CBA). **Miller** demonstrates that Common Law claims such as defamation are not preempted. Likewise here the Plaintiffs Common Law claims of Quantum Merit and Unjust Enrichment are not preempted.

Even one of the Defendant's cited cases, **Furtado v. Reno Air**., Case No. CV-N-96-361-DWH (PHA) supports the Plaintiffs' Common Law Claims. In **Reno**, the Summary Judgment Motion was denied on the implied contract/ common law claim. The case contained no significant mention or analysis of FLSA or RLA. Like the Plaintiffs' Reno allowed a Common Law contract claim such as alleged herein.

### c. Defendant's Cited Cases Are Inapplicable

The Defendant cases cited in support of its Motion are inapposite as follows briefly:

**Coil v. Jack Tanner Towing** – 242 F. Supp. 2d 555 (SD Illinois. 2002) – This is an Admiralty Law Case, which is an entirely different type of law, which is rooted in the very language of the US Constitution.

**RJ Corman RR v Palmore** 999 F.2d 149 – This was a railroad case, not an airline case. Further, while there was no CBA, court found this as an avenue of remedy. Here the Plaintiffs' were unable to pursue a CBA. Further, case decided at Summary Judgment stage not a 12(b)(6) Motion to Dismiss.

6

**CSX v. Easterwood** 507 US 658 (1993)., This case later cited by **RJ Corman** actually found no preemption on a number of grounds and areas. "We hold that, under the Federal Railroad Safety Act, federal regulations adopted by the Secretary of Transportation pre-empt respondent's negligence action **only insofar** as it asserts that petitioner's train was traveling at an excessive speed." (emphasis added). In other words, all other claims (other than excessive speed) were not preempted.

**United Transportation Union v Consolidated Rail Corp.,** 1980 US Dist. LEXIS 15911; 90 Lab. Cas. )CCH P12, 441) (US Dist. IN. 1980) This is another railroad case, involving a CBA and arbitration clause. The Court ruled for preemption because the pay issue was covered under the CBA.

**Fitz-Gerald v. Skywest Airlines, Inc.,** 2d Civil No. B187795 (Cal. App. 9/19/2007) (Cal. App., 2007) Again, a case involving a CBA. "The key [to RLA preemption] is whether the CBA must be interpreted or applied."

**Brown v. Maryland and Pennsylvania R. Co**., 719 A.2d 807 at 809 (Pa. Super., 1998). Another railroad case, which noted that the Railway Labor Act solely applies when a collective bargaining agreement is in existence.

Additionally, the Defendant's cited cases regarding airlines and FLSA are inapplicable for the following reasons

**Caggianiello v FSG Privatair inc.,** 2007 US Dist. LEXIS 28904 (US Dist, Conn. 2007) – a Connecticut case, with no state wage law claim.

**Verrett v Sabre Group** 70 F. Supp. 2d 1277, 199 US Dist. LEXIS 15658, 140 Lab. Cas. (CCH) P33,988; 6 Wage & Hour Cas. 2d (BNA) 143 (US Dist. OK, 1999)– an Oklahoma case, with no state wage law claim.

**Slavens v Scenic Aviation, Inc**., 2000 US App. LEXIS 17412 2000 Colo. J. C.A.R. 4361 (10th Cir. 2000) –   Utah case with no state law claim and an unpublished opinion of limited citation value per rules of 10th Cir.

**Downey v American Air**, 1992 US Dist. LEXIS 17077, 141 L.R.R.M. 2803, 60 Empl. Prac. Dec. (Dist Mass. 1992). preemption of discrimination claim based on a specific provision of the CBA.

**Osborne v. Enchantment Aviation, Inc.**, 112 Fed App. 673, 2004 WL 2287765 (10th Cir. 2004). – New Mexico case without a state wage law claim. Also not selected for publication per 10th cir rules.

Therefore, because of the above reasons, Plaintiffs ask this court to deny the Defendant's Motion regarding the Illinois statutory and Common Law wage claims.

### III.    COLLECTIVE V. CLASS

Plaintiffs filed this action as a FLSA Collective. Should the Court find the FLSA does not apply to the overtime claim due to the RLA, clearly the collective action is extinguished. However, under this instance, the Plaintiffs would seek to replead and amend the complaint under Illinois Wage Laws and under the Federal Rules of Civil Procedure which allow for class allegations based on the remaining wage claims. However, Plaintiffs' amendment at this time would be premature. However, Plaintiffs do note that the Defendant's cited case against any possible class action actually supports this possible Class Action. **Marquez v. PartyLite Worldwide, Inc.,** 2007 U.S. Dist. LEXIS 63301 (US Dist., 2007). In **Marquez** the motion to dismiss was denied and the Class Action allegations proceeded to discovery.

Therefore, because of the above stated reasons, Plaintiffs ask this court to deny the Defendant's Motion regarding the Class claims.

### IV.    RETALIATION CLAIMS STAND REGARDLESS OF VIABLITY OF RLA CLAIMS

The Plaintiffs' stated their FLSA claims in good faith. Defendant's Motion to Dismiss is the first time the RLA has ever been mentioned. More importantly, Plaintiffs plead this in their complaint: "After examining (FLSA Regulation) 541 and other regulations, Plaintiff Graham formed a reasonable belief that she was misclassified as exempt and therefore was owed overtime wages" ¶ 49 "After examining 541 and other regulations, Plaintiff Hindes formed a reasonable belief that she was misclassified as exempt and therefore was owed overtime wages" ¶ 90. "The Plaintiffs' stated the claims for overtime in good faith and full belief as to the overtime claims as true and correct" ¶ 126." (See also ¶¶ 46-53, 87-94, 229-233).

The Plaintiffs claimed that they were misclassified and owed overtime wages under the FLSA. As a result of these claims, and in violation of the FLSA retaliation provisions, they were fired. The reasonableness of these claims is demonstrated by the failure of the Defendant ever, prior to May 5, 2008, to mention the RLA. Not once in ten months; after review of Defendant managers and owner, after review of Defendant in-house counsel, after review by the Defendant's first outside counsel; did the Defendant state that they were exempt under the RLA. This is a clearly a new defense, not a reason for dismissal.

Determination of the validity of the retaliation claim is completely unrelated to the vitality claim. Defendant even acknowledges this in its motion citing "There is no requirement

that an actual FLSA violation occur for conduct to be protected. So long as a Plaintiff has a good faith belief that the law might be violated" (Memo at 7 citing to **Sapperstein v. Hager**, 188 F.3d 852, 857 (7th Cir. 1999)). Here the Plaintiffs had a good faith belief because before May 2008 there was no claim regarding the RLA.

The Defendant cited to a number of cases which are clearly factually different, and legally dissimilar, therefore inapplicable. None of the cited cases involved FLSA misclassification claims. Rather most involved discrimination claims and claims which had little or no legal basis under the law. Here it is undisputed that misclassification claims are legitimate and recognized claims under FLSA. Further, based on the pleading, it is undisputed that the Plaintiffs claims of misclassification were unanswered prior to May 5, 2008. Also it is undisputed that the Defendant's initial Answer failed to raise any denial based on the RLA.

The Defendant's sole FLSA cited case was **Burnette v. Northside Hosp.,** 342 F.Supp.2d 1128 (N.D. Ga., 2004). Burenette is similarly dissimilar to the case at hand, because it was a Summary judgment decision and it was not a misclassification case, it was an "on-call" complaint. Therefore it was factually and legally different than the case at hand.

Additionally, the Defendant's dismissal plea is in contravention of the basic framework of retaliation law. "[T]he remedial nature of the statute further warrants an expansive interpretation of its provisions . . . ." **Herman v. RSR Security Services**. 172 F.3d 132, 139 (2d Cir. 1999). The policy rationale is evident. Determining whether there is an actual violation can mislead even an experienced district court, and a sensible employee who knew he had to be right to enjoy whistleblower protection would think twice about reporting conduct which might turn out to be lawful. There is no requirement that those laws must actually be violated good faith is sufficient.

The Seventh Circuit also follows this basic principal in FLSA retaliation cases. 'The statutory language is quite clear and very broad. Congress made it illegal to retaliate against any employee for reporting violations of the federal wage laws, regardless of actual violation. Congress choose to protected the employee regardless of the actual violation. **SAPPERSTEIN v. HAGER**, 188 F.3d 852 (7th Cir. 1999).

Defendant also claims that the good faith belief must be objectionably reasonable (Memo at 7), but in this case clearly the Plaintiffs' beliefs were objectionably reasonable, because the Defendant never, before May 2008, raised the RLA. What is unreasonable is the

9

Defendant's eleventh hour claims that the belief is unfounded, when never prior to May 2008 was the RLA mentioned.

Therefore, because the Plaintiffs were reasons above, Plaintiffs ask this court to deny the Defendant's Motion regarding the FLSA claims

### V.     PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS ARE SUFFICIENT AND ARE NOT PREEMPTED

#### a..     DEFENDANT CLAIMS OF IIED PRE-EMPTION ARE INCORRECT

The Defendant claims the Plaintiff is precluded from claiming IIED because this independent tort is pre-empted by the IHRA. This is incorrect and inaccurate. The Defendant improperly and incompletely cites to Illinois Supreme Court in **Maksimovic v. Tsogalis,** 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21 (1997)., via citation to **Krocka v. City of Chicago,** 203 F.3d 507, 516-17 (7th Cir.2000) which actually clarified its ruling in **Geise** (639 N.E. 2d at 1275) to prevent claims such as being made by the Defendant that ALL tort claims are subsumed by the IHRA. Rather, the court found that tort claims factually related to incidents of sexual harassment were not precluded by IHRA. According to **Maksimovic** if a plaintiff can allege facts sufficient to establish elements of a tort, that tort is not preempted by the IHRA. **Id.** Here the Plaintiff has plead sufficient facts to establish elements of IIED. Therefore, in accordance with the Illinois Supreme Court, the Plaintiff's IIED claim is not subsumed by the IHRA.

Likewise, Plaintiffs find support in Federal District Court's decisions which have support IIED claims in accordance with **Maksimovic** principals. **Spahn v. Int'l Quality** 211 F.Supp.2d 1072, 1075 n. 2 (N.D.Ill.2002) **Temores v. SG Cowen,** 289 F.Supp.2d 996, 1006-07 (N.D.Ill.2003); **Warnell et al. v. Ford Motor Co. et al.,** 48 F.Supp.2d 1095, 1097 (N.D.Ill.1999). **Roberts v. County of Cook**, 213 F.Supp.2d 882, at 884-887 (N.D.Ill.2002). **Arnold v. Janssen Pharmaceutica, Inc.,** 215 F.Supp.2d 951, 955 (N.D.Ill.2002)

Further, the Defendant fails to cite to the proper legal analysis in its Motion to Dismiss. 'It is "perfectly clear that the critical analysis focuses on legal duties, not facts". "That extreme

10

and offensive conduct might also constitute sexual harassment ... does not affect the viability of a tort claim for" IIED.  **Spahn,** 211 F.Supp.2d at 1076.

Here, the Defendant focuses on the facts not the duties; "Hindes alleges garden-variety employment claims" … Graham "fails to set forth any specific allegations"[2]. (Memo Pg. 14). Thus, here, the Defendant fails to use proper legal analysis and thereby should be denied its requests to dismiss the IIED claim.

Further, Federal District precedent upholds this principal.  'If an employer acts in an extreme and outrageous manner, and thus commits intentional infliction of emotional distress, it is "irrelevant whether the motive for this harassment" was based on a discriminatory intent.' **Jimenez v. Thompson Steel Co., Inc.,** 264 F.Supp.2d 693, 696 (N.D.Ill.2003)  "discrimination and intentional infliction of emotional distress are different wrongs," and so torts that do not depend on a civil rights violation are not preempted.   See **Sanglap,** 345 F.3d 515, 519.

The Defendant, it its brief, also cites to **Krocka** but uses that case's cites to **Geise** which **Makimovic** clarifies. Thereby, the Defendant fails to cite to the correct legal analysis and rule of law; rather is citing to the precedent which has, in essence, been overturned by later decisions. (Mt. at 11-12). The **Maksimovic** test, the proper inquiry is not whether the facts that support IIED claim could also have supported a discrimination claim, but rather whether the Plaintiff can prove the elements of IIED independent of legal duties furnished by the IHRA. **Sanglap,** 345 F.3d at 519-20. **Naeem v. McKesson Drug Co.**, C.A.7 (Ill.) 2006, 444 F.3d 593.  **Tessendorf v. Edward Hines Lumber Co.**, N.D. Ill.2005, 393 F.Supp.2d 686.  **Temores v. Cowen**, N.D. Ill.2003, 289 F.Supp.2d 996.  Here, the Plaintiffs can prove the elements of IIED and further under the Pleading Standard of Review, the Plaintiffs' have properly plead the elements is sufficient to cause denial of the Defendant's Motion.

    b.    <u>**Plaintiffs allege that the conduct was extreme and outrageous**</u>

Defendant also alleges the conduct is insufficient to be extreme. This is also in error. The Plaintiffs have plead that the conduct of the Defendant was 'extreme and outrageous'. This requirement is clearly met by the Plaintiff's Complaint with the following facts:

---

[2] This is incorrect as the IIED claim incorporates all the preceding paragraphs, therefore the actions regarding Grahams taking of leave are included in the IIED facts. Additionally, under a Pleading Standard, nothing additional is required other than sufficient notice of the claim to Defendant.

11

      237    Defendant's severe and outrageous acts, including but not limited to insults and degradations, hostile environment, retaliatory environment, amounted to extreme and outrageous conduct.
      236    The shocking, severe, and outrageous acts included statements to Plaintiff Hindes such as:
  a.  Repeatedly interrogating the Plaintiff by her managers in their offices and in front of their co-workers,
  b.  Racial comments
  c.  sexual comments, discussing the sex lives of her co-workers
  d.  Demeaning comments in front of co-workers.
  i.  Comments such as Plaintiff was incompetent.
  ii.  This was yelled loud enough that others in the accounting department overhead and in front of other coworkers.

Further, the Defendant's acts of harassing and terminating Plaintiff Graham while under serious medical condition is similarly an extreme emotional distressing incident. (¶¶ 137-153)

These facts, standing alone, are sufficient for "Notice" pleadings standards.

Additionally, however, the court also should consider other aggravating factors which heightens the impact of conduct. See **Kolegas** 154 Ill. 2d at 21, 607 N.E.2d at 211. Two such factors are (1) was the defendant in a position of power over the plaintiff or (2) did the defendant knew of the plaintiff's peculiar susceptibility to emotional distress. Id. at 22, 607 N.E.2d at 212. Here, both of these special factors apply. Clearly, Defendant was in a position of power over the Plaintiffs and that position was abused.  Second, the Defendant was aware the Plaintiffs were susceptible. Graham informed the Defendant of her serious medical condition, (see FMLA allegations) and Hindes informed the Defendant of her medical problems related to the job stress and specifically the harassment. (¶¶ 245 i-ix).

As discussed above, while many of these facts include allegations of discrimination, the elements can also be independent facts which independently support a claim of IIED.

### c. **PLAINTIFFS' IIED CLAIMS ARE NOT PREEMPTED BY WORKERS COMPENSATION ACT**

Defendant also claims preemption due to Illinois Worker's Compensation Act. Simply stated: the emotional injury occurred at work, so the Plaintiff should file a worker's comp claim. The Defendant's error hinges on that conduct being accidental or in the alternative, that the harassers were "alter ego" of the employer. The acts were intentional. The Plaintiffs also repeatedly claim the acts were intentional and/or reckless. Further, the Plaintiffs repeatedly cite

to Defendant (Ryan Airlines) as the party causing the harm and acting intentionally. While the Plaintiffs' pleading do not include the specific words "Alter Ego" this is clear from the allegations. However, should the court find the pleadings insufficient, Plaintiff asks for the opportunity to replead and reallege accordingly.

Plaintiff does note that the Defendants' cited cases, once again, appear to not support its claims and border on misquotation. For example;

> **Meerbrey v. Marshall Field and Co., Inc**., 139 Ill.2d 455, 564 N.E.2d 1222 (Ill., 1990) - Did not involve a IIED rather injunctive relief,  false imprisonment, false arrest, and malicious prosecution.
> **Dunlap v. Nestlé USA, Inc**., No. 03-1752 (Fed. 7th Cir., 2005) - involved premise liability not IIED.
> **Hangebrauck v. Zenith**, Case NO. 86 C 6956, 1988 US Dist. LEXIS 2400 (ND Illinois 1988) – found the IIED claim to not be preempted.
> **Collier v. Wagner Castings Co**., 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980), - found the IIED was related to workers comp due to indifference of a treating nurse, not intentional, deliberate harassment of a manager.

Therefore, because the Plaintiffs were reasons stated above, Plaintiffs ask this court to deny the Defendant's Motion regarding the FLSA claims

## CONCLUSION

Plaintiffs ask that the Defendant's Motion to Dismiss be denied in its entirety. Plaintiffs base this request on the arguments and citations provided herein.

Respectfully submitted,

By:   -S-John C. Ireland
John C. Ireland
Attorney for the Plaintiffs
and the Plaintiff Collective

John C. Ireland
The Law Office Of John C. Ireland
1921 Charles Lane
Aurora, Illinois  60505
630-464-9675
Facsimile 630-206-0889
attorneyireland@aol.com
Attorney Number # 628137